IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FRED J. VESSELL on behalf of himself and all others similarly situated, )))) | |
| Plaintiffs, ) | Civil Action File No.: |
| ) | |
| v. ) | JURY TRIAL REQUESTED |
| ) | |
| MEDICAL TRANSPORTERS OF GEORGIA, INC., MEDICAL TRANSPORT OF ALABAMA, LLC and JANICE WARHURST )))))  | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Frederick Vessell("Vessell"), by and through his

undersigned counsel, and files this lawsuit against Medical Transporters of

Georgia, Inc. ("MTG"), Medical Transportation of Alabama, LLC ("MTA"), and

Janice Warhurst ("Warhurst"), on behalf of himself and all others similarly

situated, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 (29

U.S.C. § 201, *et seq*.), as amended (hereinafter "FLSA" or "the Act"), and in

support thereof would further state as follows:

### I.      Introduction

1.      The instant action arises from Defendants' violations of Plaintiff's rights

under the FLSA, including, but not limited to, the collective action provision of the

Act found at Section 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful overtime wages.

2.     Other current and former employees of Defendants are also entitled to receive overtime compensation for the reasons alleged in this Complaint.  The above-named Plaintiff is permitted to maintain this action for and on behalf of himself and other employees similarly situated. 29 U.S.C. § 216(b).  Any similarly situated employee wishing to become a party plaintiff to this action must provide his or her consent in writing to become such a party" and such consent must be filed with this Court. *Id.*

3.     This action is brought to recover unpaid overtime compensation owed to the Plaintiff and all current and former employees of MTG, MTA, and all affiliated companies, who are similarly situated to the Plaintiff, pursuant to the FLSA.  The Plaintiff and the collective group of similarly situated employees are or have worked as drivers for MTG, MTA, or one of their affiliated companies.

4.     For at least eight months prior to the filing of this Complaint, Defendants have committed widespread violations of the FLSA by failing to compensate non-exempt employees at an overtime rate for all hours worked in excess of 40 hours in a given workweek.

5.    Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II.    Jurisdiction and Venue

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7.    Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c) because a substantial portion of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant MTG maintains its principal places of business within this District.

## III.    Parties

8.    Plaintiff FRED VESSELL resides in Columbus, Georgia (within this District) and is a citizen of the United States.  Vessell is employed by Defendant MTG in Columbus, Georgia as a non-emergency medical transportation driver.  He regularly works within this District.

9.    Defendant MEDICAL TRANSPORTERS OF GEORGIA, INC. ("MTG") is a corporation based in Georgia which conducts business within this State and District and maintains its principal place of business at 825 Gil Harbin Ind. Blvd, Valdosta, Georgia, 31601.  MTG owns and operates a company specializing in non-emergency medical transportation.  MTG is subject to personal jurisdiction in

the State of Georgia for purposes of this lawsuit and can be served through its

designated agent Janice Warhurst at 825 Gil Harbin Ind. Blvd., Valdosta, Georgia

31601.  MTG was and is an "employer" within the meaning of the FLSA, 29

U.S.C. § 203(d).

10.    Defendant MEDICAL TRANPORT OF ALABAMA, LLC ("MTA") is an

affiliate of MTG which conducts business within the State of Georgia.  MTA is

subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit

and can be served through its designated agent Judkins M. Bryan, Esq. at 405 S.

Hull St., Montgomery, Alabama, 36104.  MTA was and is an "employer" within

the meaning of the FLSA, 29 U.S.C. § 203(d).

11.    Defendant JANICE WARHURST is an individual conducting business

within the State of Georgia. Warhurst is the Founder, Chief Executive Officer

("CEO") and Chief Financial Officer ("CFO") of MTG.  Warhurst is the CEO of

MTA.  Warhurst maintains control, oversight and direction of the operations of

MTG's and MTA's drivers, including the employment, practices and payment

relating to those operations, and regularly conducts business within the jurisdiction

of this Court.  Warhurst is subject to personal jurisdiction in the State of Georgia

for purposes of this lawsuit and can be served at her place of business located at

825 Gil Harbin Ind. Blvd, Valdosta, Georgia, 31601.  Warhurst was and is an

"employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12.    At all times material to this action, Defendants were engaged in commerce as defined by Section 203(s)(1)(A) of the FLSA and had an annual gross volume of business which exceeded $500,000.

13.    At all times during Plaintiff's employment with MTG, the named Plaintiff and all members of the collective action were all "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by Sections 206 and 207 of the FLSA for the period in which they were employed by Defendants.

14.    The overtime provisions set forth in Section 207 of the FLSA apply to Defendants.

## IV.    FLSA Violations

15.    During the period of time material to this action, Defendants employed Plaintiff and other similarly-situated employees as non-emergency medical transport drivers. MTG employs at least 6 full-time drivers in the Columbus, Georgia area. According to its website (mtalabama.com), MTA employs 52 full-time drivers.

16.    Plaintiff was and is responsible for transporting MTG's customers in and around Columbus, Georgia.

17.    Plaintiff is not being, and has not been, compensated for time spent waiting for customers to complete the business for which he provides transport.  For example, if Plaintiff drives a customer to a doctor's appointment, Plaintiff is often required to wait for that customer to complete their doctor's appointment in order to return that customer to their point of origin, but Plaintiff is not compensated for the time spent waiting for the customer to complete their doctor's appointment.

18.    Plaintiff was required to be available, or "on call," to MTG from his first pick-up of the day until his last drop-off of the night in the event that a customer required MTG's services without prior notification or a driver's manifest/schedule needed to be otherwise amended.

19.    Plaintiff has previously requested overtime compensation from MTG.

20.    Plaintiff's position as a non-emergency medical transport driver fails to qualify for an exemption to overtime under the Fair Labor Standards Act.

21.    During the statutory period, Plaintiffs and the similarly situated employees routinely worked as drivers for Defendants in excess of forty (40) hours per week without overtime compensation.

22.    These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, specifically Section 207(a)(1).  As a result of these unlawful practices, Plaintiffs and the similarly-situated employees suffered a loss of wages.

23.     Upon information and belief, Plaintiff Vessell is entitled to no less than twenty-five thousand dollars ($25,000.00) in unpaid overtime compensation from Defendants MTG and Warhurst.   Under the FLSA, Plaintiff Vessell is also entitled to an equal amount in liquidated damages, as well as all fees and costs associated with this action.

24.     Plaintiff's vehicle typically has a logo for MTG on its side.  During the week of August 21, 2017, while the van typically driven by Plaintiff was being repaired, Plaintiff drove a van with a logo for MTA on its side.

25.     Plaintiff's paystub (distributed through ADP, a payroll company) identifies Plaintiff's employer as "Medical Transporter of Georgia, Inc." with an address of "825 Gillharbin Industrial Blvd, Valdosta, GA  31601."  Plaintiff's employer is identified by the Georgia Secretary of State as "Medical Transporters of Georgia, Inc." with an address of "825 Gil Harbin Ind. Blvd, Valdosta, GA  31601." (emphases added)

26.     Janice Warhurst is listed as MTG's CEO, CFO and Secretary with the Georgia Secretary of State, with a business address of 825 Gil Harbin Ind. Blvd, Valdosta, GA.  Janice Warhurst identifies herself as "CEO at Medical Transport of Alabama, LLC" on her LinkedIn page.

### V.     Scope of Defendants' Liability

7

27.    There are numerous similarly situated current and former employees of

MTG and MTA who have been improperly compensated in violation of the FLSA

and who would benefit from the issuance of a Court-supervised Notice of the

present lawsuit and the opportunity to join the present lawsuit.  Those similarly

situated employees are known to Defendants and are readily identifiable and

locatable through Defendants' records.  Specifically, all current and former

employees of Defendants and all affiliated entities in Georgia and other states

should be notified, who, at any time during the three years preceding the filing date

of this Complaint, up through and including the date of this Court's issuance of a

Court-supervised notice, have been considered non-emergency medical transport

drivers.

### VI.    COUNT ONE-Violation of the Fair Labor Standards Act

28.    Plaintiff hereby repeats and incorporates by reference paragraphs 1-27

herein.

29.    By its actions alleged herein, Defendants willfully, knowingly and/or

recklessly violated the FLSA provisions and corresponding federal regulations.

30.    Defendants have willfully and intentionally engaged in a widespread pattern

and practice of violating the provisions of the FLSA, as detailed herein, by failing

to pay overtime compensation to current and former employees, including Plaintiff

and other similarly situated employees, in accordance with Section 207 of the FLSA.

31.    As a result of Defendants' violations of the FLSA, Plaintiff, as well as other similarly situated employees, have suffered damages by failing to receive overtime wages in accordance with Section 207 of the FLSA.

32.    Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

33.    As a result of the unlawful acts of Defendants, Plaintiff and all current and former employees similarly situated have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

## VII.    Prayer For Relief

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to Section 216(b) of the FLSA, pray for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this

suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendants or any affiliated non-emergency medical transport company as drivers within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by Defendants time and a half for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years.

B.    That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages.

C.    That all Plaintiffs be awarded prejudgment interest;

D.    That all Plaintiffs be awarded reasonable attorneys' fees pursuant to the FLSA, as well as O.C.G.A. §§ 13-6-11 and 9-15-14 to the extent applicable;

E.    That all Plaintiffs be awarded the costs and expenses of this action; and

F.    That all Plaintiffs be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.[1]

---

[1] Plaintiff has attached hereto a Civil Action Cover Sheet as "Exhibit 1" and Summonses for the three defendants as "Exhibits 2-4."

Respectfully submitted this 31st day of August, 2017.

Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-994-3128
tyler@kaspersfirm.com

Counsel for Plaintiff FRED VESSELL